IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

TERRENCE EUGENE DIXON, )
)
          Petitioner, )
)
vs. ) No. CIV-05-1176-W
)
SAM CALBONE, )
)
          Respondent. )

FILED

MAY 2 4 2006

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

## ORDER

On April 24, 2006, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation in this matter and recommended that the Court deny the Petition for a Writ of Habeas Corpus ("Petition") filed by petitioner Terrence Eugene Dixon. Dixon was advised of his right to object to the Report and Recommendation, and the matter now comes before the Court on Dixon's Objection, which is grounded on his contention "that this is a case of mistaken identity."

Upon de novo review of the record, the Court concurs with Magistrate Judge Argo's suggested disposition of this matter. Dixon was convicted in the District Court of Oklahoma County, Oklahoma, for distribution of a controlled and dangerous substance (cocaine), after former conviction of two or more felonies, and he has challenged that conviction in the instant proceeding. Dixon is entitled to relief on Grounds One and Two of his Petition only if the adjudication of these claims by the Oklahoma Court of Criminal Appeals ("OCCA") on Dixon's direct appeal "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

The Court finds that neither the OCCA's decision to reject Dixon's claim that he was denied a fair trial in the absence of a cautionary jury instruction regarding eyewitness identification in light of this Court's findings regarding the trial court's instructions to the jury pertaining to witness credibility, e.g., Dixon v. State, No. F-2003-703, slip op. at 2 (April 19, 2004), nor the OCCA's decision to reject Dixon's claim that the State of Oklahoma violated Brady v. Maryland, 373 U.S. 83 (1963), by withholding certain alleged evidence was not contrary to, and did not involve an unreasonable application of, clearly established law as articulated by the Supreme Court. E.g., Dixon, slip op. at 2-3.

The Court further finds that Dixon is not entitled to relief on Grounds Three, Four, Five and Six as set forth in his Petition, and in particular, concludes that Dixon has failed to show that he received ineffective assistance of either trial or appellate counsel in violation of Strickland v. Washington, 466 U.S. 668 (1984), or that his claim under the fourth amendment to the United States Constitution as well as his claim that the prosecutor knowingly used perjured testimony is not procedurally barred.

Accordingly, the Court

(1) AFFIRMS the Report and Recommendation issued on April 24, 2006;

(2) DENIES Dixon's Petition file-stamped October 6, 2005; and

(3) ORDERS that judgment in favor of respondent Sam Calbone issue forthwith.

ENTERED this 24th day of May, 2006.

/s/ Lee R. West
LEE R. WEST
UNITED STATES DISTRICT JUDGE

2